# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KENNETH METCALF and ) <br> NANCY METCALF, ) <br>                Plaintiffs, ) <br> ) <br>    v. ) <br> ) <br> BAY FERRIES LIMITED, ) <br>                Defendant. ) <br> ) | **CIVIL ACTION** <br> **NO. 12-40075-TSH** |

## ORDER

### July 21, 2014

Hennessy, M.J.

      Pursuant to 28 U.S.C. § 636(b)(1)(A), and by Order of Reference (Docket #56), this matter was referred to me. Defendant Bay Ferries Limited seeks a Protective Order (Docket #50) moving the deposition of Bay Ferries' Fed. R. Civ. P. 30(b)(6) designees be from Massachusetts (at the office of Plaintiffs' counsel), to Charlottetown, Prince Edward Island, where Bay Ferries maintains its principal place of business. Bay Ferries also seeks to limit the timeframe of certain deposition topics by two years. Plaintiffs have filed an opposition (Docket #51). This matter is now ripe for adjudication. For the reasons that follow, the Motion for Protective Order is DENIED; however, the Plaintiffs are ORDERED to reimburse Bay Ferries for half of the reasonable costs associated with the travel and lodging of Bay Ferries' witnesses in connection with the Rule 30(b)(6) depositions.

I.      BAY FERRIES' MOTION TO RELOCATE FED. R. CIV. P. 30(b)(6) DEPOSITION

      Bay Ferries has moved this Court to require that the Fed. R. Civ. P. 30(b)(6) depositions of Bay Ferries' designees take place at its principal place of business in Canada, and not at the offices of Plaintiffs' counsel where they were noticed to occur. Federal Rule of Civil Procedure

1

26(c)(1) provides that a party may move for a protective order, "and the court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The rule provides a non-exhaustive list of different remedies the court can employ in fashioning the protective order, e.g., specifying terms like time and place for the disclosure of discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery. Fed. R. Civ. P. 26(c)(1)(A)-(H). The burden of establishing good cause falls upon the party moving for the protective order. Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988), cert. denied, 488 U.S. 1030 (1989).

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2112 at 533 (2010). This custom is subject to modification when justice requires. Id. at 535. See Nat'l Cmty Reinvestment Coal. v. NovaStar Fin., Inc., 604 F. Supp. 2d 26, 31-32 (D. D.C. 2009) (noting factors that bear on whether to follow custom, such as the location of counsel for both parties, the size of the defendant corporation and regularity of executive travel, the nature of the claim, and relationship of the parties). The factors bearing on what justice requires when the Rule 30(b)(6) deposition involves the deposition of a foreign corporation include, but are not limited to: the burden for counsel and witnesses of holding the depositions in the United States compared to abroad; the court's ability to supervise depositions in the contested location; whether depositions would be impeded by barriers in the other nation; and, any potential affront to sovereignty. In re Vitamin Antitrust Litigation, Misc. No. 99-197-TFH, 2001 WL 35814436, at *4 (D. D.C. Sept. 11, 2001). Notwithstanding these special considerations for foreign nationals, "[w]hen a corporation is doing business in the United States, is subject to the court's jurisdiction, and has freely taken

advantage of our federal rules of discovery, exceptions to the general rule on the location of depositions are often made." Custom Form Mfg., Inc. v. Omron Corp., 196 F.R.D. 333, 336 (N.D. Ind. 2000) and cases cited. Ultimately, "the court has a wide discretion in selecting the place of examination and in attaching conditions concerning the payment of expenses. The particular facts of each case will determine the selection of a place for examination." 8A Federal Practice and Procedure § 2112 at 526-27 (2010). The facts of this case show that Bay Ferries has not carried its burden to demonstrate good cause that it is entitled to the protective order.

As an initial matter, even though Bay Ferries is a foreign corporation, it has substantial contacts with the United States, which support Plaintiffs' choice of Boston as the place for the Rule 30(b)(6) deposition. Among other contacts, Bay Ferries has designated an agent in Maine where Bay Ferries is registered to conduct business. In a previous ruling in this case, this Court found that Bay Ferries had made "targeted advertising efforts" in Massachusetts that led to a carrier-passenger relationship with the Plaintiffs, subjecting the Bay Ferries to specific personal jurisdiction in Massachusetts. (Docket #22, p. 14). Moreover, Bay Ferries has freely taken advantage of federal rules of discovery and federal caselaw when it deposed all of the Plaintiffs' family members in Massachusetts.

Separate concerns regarding sovereignty also favor conducting the deposition in the United States. If the deposition occurred in Canada, this Court would be in the position of issuing an order compelling a Canadian citizen to appear for a deposition on Canadian soil, pursuant to United States federal rules of civil procedure and for use in litigation in the United States. See In re Honda American Motor Co., Inc. Dealership Relations Litigation, 168 F.R.D. 535, 538 (D. Md. 1996) ("If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American

or neutral soil, courts have concluded that comity concerns are not implicated."). Further, if the deposition went forward in Canada and a dispute developed during the deposition, this Court's ability to resolve any dispute might be compromised. Custom Form, 196 F.R.D. at 336-37 (noting that aside from very important sovereignty concerns, there is an additional concern that the distance between the court and the place of the deposition could impede the court's ability to resolve disputes).

Finally, to the extent Bay Ferries seeks to relocate the Rule 30(b)(6) deposition to Canada because of the health and related travel restrictions of one of its Rule 30(b)(6) designees, Mr. Cormier, Bay Ferries' argument is unpersuasive. (See Olaf Aprans Affidavit, Docket #49-2). Bay Ferries has failed in its motion to establish that no one other than Mr. Cormier is qualified to testify about the matters noticed for examination at the deposition. Moreover, by its operation, Rule 30(b)(6) contemplates that the designees will testify about information "known or reasonably available to the [corporate] organization." See Fed.R.Civ.P. 30(b)(6). In other words, the designee can learn information responsive to matters identified in the deposition notice.[1] Further, in one respect, Bay Ferries' designation of Mr. Cormier appears to merely delay the inevitable. Even if Mr. Cormier faces travel issues in connection with the Rule 30(b)(6) deposition, this case will proceed to trial soon, and Bay Ferries will likely need to produce Mr. Cormier or another corporate representative for trial in Massachusetts. In other words, in all likelihood, Bay Ferries will have to deal with restrictions on Mr. Cormier's travel, at some point. In such circumstances, it is unfair for Bay Ferries to designate a Rule 30(b)(6)

---

[1] The Plaintiffs originally noticed the Rule 30(b)(6) deposition in November 2013. Over the many months since then, Bay Ferries has had ample time to educate another individual to testify "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

representative who is unable to travel, and then use that travel restriction to argue that the deposition must go forward in Canada.

In sum, Bay Ferries has not carried its burden. Public Citizen, 858 F.2d at 789. This Court finds that justice and comity will be best served by conducting the Rule 30(b)(6) deposition in Massachusetts at the office of Plaintiffs' counsel, pursuant to the deposition notice. Bay Ferries' motion for protective order is therefore denied. However, in recognition of the inconvenience and expense that Bay Ferries will incur in attending its deposition(s) here, this Court has determined that fairness requires that Plaintiffs share equally in the reasonable cost of travel and lodging for Bay Ferries' Rule 30(b)(6) witnesses. See Custom Form, 196 F.R.D. at 338 ("In considering who should bear the costs of depositions the court should keep in mind that the federal rules are to be construed to secure the just, speedy and inexpensive determination of every action." quoting Fed. R. Civ. P. 1). This Court intends that the sharing of costs will mitigate the impact on Bay Ferries and encourage both parties to conduct the deposition(s) in an efficient manner.

II. BAY FERRIES' MOTION TO LIMIT THE TIMEFRAME OF 30(b)(6) DEPOSITION

Bay Ferries requests a protective order limiting the timeframe of the Rule30(b)(6) topics from 2004 to the Present. (Docket #49-1). The only argument advanced by Bay Ferries is that requiring information dating back to 2002, "will be unreasonably burdensome given that such information will have no bearing on a slip and fall injury that occurred in 2009." (Docket #49, p. 6). Plaintiffs' counsel states that Bay Ferries' counsel never conferred on this issue before raising it for the first time by in its papers; but, more importantly, that this information is relevant, nonprivileged, and reasonably calculated to lead to the discovery of admissible evidence. (Docket #51, p. 10).

5

The overarching duty for the trial court when deciding a party's duty to disclose discovery, is to balance the burden of proposed discovery against the likely benefit. Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.2d 391, 400 (1st Cir. 2005). Federal Rule of Civil Procedure 26(b) limits the scope of discovery to "any nonprivileged matter that is relevant to any party's claim or defense." Rule 26(b) also allows a court "[f]or good cause … [to] … order discovery of any matter relevant to the subject matter involved in the action." "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.

> [T]he Court must limit the frequency or extent of discovery otherwise allowed … if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

Plaintiffs' topics 9, 11, 18, 22 and 23, all seek information dating back to 2002 (Docket #49-1). Topic 9 seeks information concerning repair and maintenance of the stairwell where Mr. Metcalf fell, from 2002 – 2009. Likewise, topic 11 seeks the same information regarding the railing where Mr. Metcalf fell. Topic 18 seeks information regarding all slips and falls at the same location from 2002 – 2009. And, topics 22 and 23 address Bay Ferries' advertising activities from 2002 – 2009.[2] There is no dispute the requests are relevant and tailored to claims

---

[2] Bay Ferries continues to dispute this Court's personal jurisdiction. (Docket #49).

6

at issue in this matter; rather, Bay Ferries seeks to limit its "burden" to go back to 2004 instead of 2002 when searching for records and information. Applying the factors listed in Fed. R. Civ. P. 26(b)(2)(C) to the argument advanced by Bay Ferries, Bay Ferries has not persuaded this Court why the timeframe should be limited. Claiming that it would be "unduly burdensome" to have to go back two additional years in its review of records, is a thin argument and is not supported by affidavit or even attorney proffer regarding the volume of documents, or the location of documents, etc., that would warrant a determination that the two extra years would create a hardship. By contrast, Plaintiffs argue that Bay Ferries has sole custody of the information sought and that this information has the potential to shed light on relevant issues of notice, negligence, causation, and jurisdiction in this case. (Docket #51, pp. 12-13). Federal Rule of Civil Procedure 26(c)(1) places the burden of establishing the need for the protective order on the moving party -- Bay Ferries -- and Bay Ferries has not carried its burden. The motion for a protective order limiting the dates within the Rule 30(b)(6) deposition is accordingly denied.

III. CONCLUSION

For the foregoing reasons, the Motion for a Protective Order (Docket #50) is DENIED; however, Plaintiffs are ORDERED to reimburse Defendant for half of the reasonable costs associated with the travel and lodging of Defendant's witnesses incurred from the Rule 30(b)(6) depositions.

/s/ David H. Hennessy  
David H. Hennessy  
UNITED STATES MAGISTRATE JUDGE

7