UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              )                      |
| -------------------------------------------- | ------------------- |
| KENNETH G. METCALF and NANCY METCALF,        )                      |
|     Plaintiffs           )                      |
|                                              ) Civil Action No: 12-40075-TSH |
| v.                                           )                      |
|                                              )                      |
| BAY FERRIES LIMITED,                         )                      |
|     Defendant.           )                      |

**ORDER ON DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT (Docket No. 128) AND PLAINTIFF'S MOTION TO VACATE SETTLEMENT ORDER OF DISMISSAL [Doc. #123] (Docket No. 135)**
June 22, 2015

**HILLMAN, D.J.**

### Background

Kenneth Metcalf ("K. Metcalf") and Nancy Metcalf (N. Metcalf and, together with K. Metcalf, "Plaintiffs") have filed suit against Bay Ferries Limited ("Bay Ferries" or "Defendant") alleging claims for negligence and loss of consortium[1]. More specifically, the Plaintiffs allege that Bay Ferries was negligent in maintaining its ferry, HSC INCAT 059 ("The CAT") and that this negligence led directly to K. Metcalf's injuries and resulting damages to them. On December 14, 2014, the Court was advised by the parties that this action had settled and a forty-

---

[1] The Court has previously granted summary judgment to Bay Ferries on N. Metcalf's loss of Consortium claim (Count II).

five (45) day Settlement Order Of Dismissal was entered. On February 13, 2015, Plaintiffs filed a motion to extent the time period in which to consummate the settlement; that motion was allowed and the parties were granted an additional forty-five (45) days. The parties were unable to finalize a settlement within the requisite time.

This Order addresses Defendant's Motion To Enforce Settlement Agreement (Docket No. 128). For the following reasons, that motion is *denied*. This Order also addresses Plaintiff's Motion To Vacate Settlement Order Of Dismissal [Doc. #123] (Docket No. 135). For the following reasons, that motion is *allowed*.[2]

## Discussion

### *Standard of Review*

Plaintiffs' claims are based on federal general maritime law and therefore, are governed by federal rather than state law. *See Fairest–Knight v. Marine World Distribs., Inc.,* 652 F.3d 94, 98 (1st Cir. 2011) ("[a]dmiralty jurisdiction brings with it a body of federal jurisprudence, largely uncodified, known as maritime law.") Therefore, a motion to enforce a settlement agreement is determined in accordance with federal law. *See Enos v. Union Stone, Inc.*, 732 F.3d 45, 48 (1st Cir. 2013); *see also Mid–South Towing Co. v. Har–Win, Inc.,* 733 F.2d 386, 389 (5th Cir. 1984)(where claims are premised on federal general maritime law, court applies federal law to decide validity of agreement to settle claims). Under federal law, "[a]s a general rule, a trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement. In such circumstances, the cases consentingly hold that the court instead must take evidence to resolve

---

[2] Although at the hearing Plaintiffs argued that the settlement should be enforced on their terms, in their motion, the only relief requested was that the Court vacate its Settlement Order of Dismissal and the action be re-opened. To the extent that Plaintiffs' now assert that their requested relief included enforcement of the settlement on their terms, their motion is denied.

2

the contested issues of fact." *Malave v. Carney Hosp.*, 170 F.3d 217, 220 (1st Cir. 1999). "The load-bearing element of a contract is the mutual assent of the parties to the essential terms of the agreement, the so-called 'meeting of the minds.' Under First Circuit law, as elsewhere, where there is no meeting of the minds between the parties because of a mistake of fact, no contract is formed." *Enos*, 732 F.3d at 48.

<u>*Whether the Parties Entered Into a Binding Settlement Agreement*</u>

The parties have each argued to the Court that they had reached a conclusive settlement agreement on all material terms, including the terms of the release. Each side takes the position that the operative terms of the release have been agreed to by the other party. The issue is whether the Plaintiff should release his right to apply for and receive Medicare benefits in the future. Each party has expended a great deal of energy attempting to shoehorn discrete facts from convoluted settlement discussions which took place on the eve of trial to support their theory that a binding settlement had been reached.

It is clear from the parties' submissions, the evidence introduced at the hearing (including Attorney Latti's testimony), and arguments that there was not a meeting of the minds on the issue. To the contrary, once the monetary terms in the case had been resolved-- it is clear that this issue was initially both parties' primary focus-- each staked out a contrary position regarding the terms of the release. Contrary to Plaintiffs' conclusory allegations, the attorneys' back and forth oral and written communications regarding the terms of the release establish beyond any doubt that there was never an agreement as to the release terms based on Plaintiffs' December 29, 2014 proposal or otherwise. Furthermore, resolution of this issue was, and is, significant to both parties. I find that the parties did not reach an agreement as to all of the material terms necessary to settle the underlying personal injury civil case. Accordingly, I deny Defendant's

motion to enforce the settlement and I grant so much of the Plaintiffs' motion that seeks to vacate the settlement order of dismissal and re-open the action and deny it all other respects.

## **Conclusion**

For the foregoing reasons:

1. Defendant's Motion To Enforce Settlement Agreement (Docket No. 128) is ***denied***; and

2. Plaintiff's Motion To Vacate Settlement Order Of Dismissal [Doc. #123] (Docket No. 135) is ***allowed***.

This case shall be restored to trial list with a trial date of September 8, 2015.   .

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
DISTRICT JUDGE.